**SIGNED.**

Dated: March 09, 2011



_____
**JAMES M. MARLAR**
Chief Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| THOMAS E POWELL and INEZ M POWELL, | No. 4:10-bk-22350-JMM |
| | Adversary No. 4:10-ap-01731-JMM |
| Debtor. | |
| TRUDY A. NOWAK, Chapter 7 Trustee, | **MEMORANDUM DECISION** |
| Plaintiff, | |
| vs | |
| PNC BANK, National Association, its successors and/or assigns, | |
| Defendant. | |

The Defendant's summary judgment motion (ECF No. 9), argued to the court on March 7, 2011, focuses on a single issue: Is the deed of trust, signed by the Debtors, fatally defective? If it is, then the Plaintiff/Trustee urges that her avoiding powers, as a hypothetical lien creditor under § 544, may allow her to set aside the deed of trust.

All of the operative facts are undisputed:

1. The Debtors personally signed the deed of trust, in the presence of a notary, on November 26, 2002;

2. No forgery is alleged;

3. The deed of trust was properly recorded on December 19, 2002; and

1    4. The person who acknowledged the instrument was a licensed Arizona
2       notary public;
3  For purposes of best reflecting the exact nature of the dispute, the last and critical page of the deed
4  of trust is reproduced here.

> Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it or to the clerk of the superior court of the county in which the sale took place.
>
> 22. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.
>
> 23. **Substitute Trustee.** Lender may, for any reason or cause, from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.
>
> 24. **Time of Essence.** Time is of the essence in each covenant of this Security Instrument.
>
> 25. **Mailing Addresses.** Borrower's mailing address is the Property Address. Trustee's mailing address is
>     Christopher R. Perry, Attorney at Law
>
> 26. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
> [Check applicable box(es)]
>
> ☐ Adjustable Rate Rider   ☐ Condominium Rider            ☐ 1-4 Family Rider
> ☐ Graduated Payment Rider ☐ Planned Unit Development Rider ☐ Biweekly Payment Rider
> ☐ Balloon Rider           ☐ Rate Improvement Rider       ☐ Second Home Rider
> ☒ VA Rider                ☐ Other(s) [specify]
>
> BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.
> Witnesses:
>
> _Thomas E. Powell Jr_ (Seal) -Borrower
> THOMAS E POWELL JR
>
> _Inez M Powell_ (Seal) -Borrower
> INEZ N POWELL
>
> _____(Seal)  _____(Seal)
> -Borrower                    -Borrower
>
> STATE OF ARIZONA,    Pinal County ss:
> The foregoing instrument was acknowledged before me this 26th DAY of November, 2002
> by Cynthia G Gastelum
> My Commission Expires: August 4, 2004    _____ Notary Public
>
> OFFICIAL SEAL
> CYNTHIA G. GASTELUM
> Notary Public - State of Arizona
> PINAL COUNTY
> My Comm. Expires Aug. 4, 2004
>
> ⓦⓜⓟ -6V(AZ) (0208).01          Page 6 of 6          Form 3003 9/90

## DISCUSSION

The parties have greatly assisted the court in their research. To this effort, the court has contributed its own research. Based on its analysis of the law, the court determines that the acknowledgment of the notary was not fatal to its purpose. Therefore, PNC Bank's motion for summary will be GRANTED in its favor.

A deed of trust is similar to a mortgage in that it creates a lien upon real property in order to secure a debt. ARIZ. REV. STAT. §§ 33-801(8); 805.

In order to encumber or mortgage a parcel of real estate, certain words or equivalent forms of language are required, such as "For the consideration of ____, I hereby mortgage to A.B. all my interest in the following real property (describing it), to be void upon condition that I pay." ARIZ. REV. STAT. § 33-402(2), (4). Such a document must be in writing, signed by the grantor, and "be duly acknowledged before some officer authorized to take acknowledgments."

The acknowledgment is satisfactory if the person acknowledging appeared before the notary and the certificate contains the words "acknowledged before me" or their substantial equivalent. ARIZ. REV. STAT. §§ 33-503; 504.

Here, there is no dispute that Thomas and Inez Powell appeared before the notary, Cynthia G. Gastelum, and that the deed of trust "instrument" "was acknowledged before me." The words "acknowledged before me" mean that the person acknowledging appeared before the person taking the acknowledgment and acknowledged that he executed the instrument.

In the instant case, it is apparent from the four corners of the last page of the deed of trust, who the signators to the instrument were, and that their signatures were affixed in the presence of a notary who had verified their identities.

That the notary mistakenly inserted her own name, instead of that of the Debtors, in the blank space after the word "by," is of no legal moment. It is an inadvertent mistake misleading to no one reading the entire document (or even the page reproduced, above), and in no way capable of causing detrimental reliance by any person reading the deed of trust.

The Trustee, standing in the shoes of a hypothetical lien creditor, has no legal basis to assert that the lien of the deed of trust must be avoided in her favor. In Arizona, statutes "shall be liberally construed to effect their objects and to promote justice." ARIZ. REV. STAT. § 1-211(B). Adoption of the Trustee's logic would be inconsistent with this high purpose.

PNC Bank's motion for summary judgment shall be granted. The Trustee's Complaint shall be dismissed, with prejudice. A separate order will be entered.

DATED AND SIGNED ABOVE.

COPIES to be sent by the BNC ("Bankruptcy Noticing Center") to:

Trudy A. Nowak, Trustee/Plaintiff

Howard Meyers, Andrew Abraham, David M. Villadolid, Attorneys for PNC Bank

Office of the U.S. Trustee